## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

COREY PERKINS                                                                                    PLAINTIFF

V.                                          NO: 5:14CV00329 JLH/PSH

DONNA VENABLE *et al*                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Corey Perkins, a former Arkansas Department of Correction ("ADC") inmate, filed a *pro se* complaint on September 3, 2014. On November 2, 2014, the Court entered an order granting the motion of defendants Donna Venable and Willie Bankston to take Perkins' deposition (Doc. No. 18). On March 14, 2016, Venable and Bankston filed a motion to dismiss, along with a brief in support, claiming Perkins failed to attend a properly scheduled and noticed deposition. Venable and Bankston assert that Perkins failed to contact them in any way after they sent him correspondence requesting to depose him, after they served him with a notice of deposition, or even after the scheduled deposition date had passed. They assert that, despite valid deposition notice being served, Perkins failed to appear.

On March 24, 2016, the Court entered an order directing Perkins to respond to the motion to dismiss within 14 days, and also directed Venable and Bankston to file a list of expenses they incurred in attending the deposition (Doc. No. 43). Perkins has not responded, but Venable and Bankston have provided documentation indicating the ADC incurred a court reporter expense of $171.50 in connection with the deposition Perkins failed to attend (Doc. No. 44). Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Perkins's complaint should be dismissed without prejudice for failure to comply with the rules of civil procedure and the order of this Court, subject to being reopened within 30 days if he provides to the Court evidence that he has paid the ADC $171.50 and files a motion to reopen.

IT IS THEREFORE RECOMMENDED THAT:

1. The motion to dismiss filed by Venable and Bankston (Doc. No. 41) be GRANTED and Perkins's complaint be DISMISSED WITHOUT PREJUDICE.

2. Perkins's complaint be subject to being reopened if he pays the Arkansas Department of Correction $171.50, presents to the Court evidence of the payment, and a files a motion to reopen within 30 days.

3. The Court certify that an *in forma pauperis* appeal is considered frivolous and not in good faith.

DATED this 15th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE